UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERNEST ENAX,

    Plaintiff,

v.                                                CASE NO: 8:07-cv-799-T-23TGW

STEVEN GOLDSMITH et al.,

    Defendants,

_____/

**ORDER**

On May 9, 2007, the plaintiff filed a complaint (Doc. 1) against the defendants Steven Goldsmith and Robert Budde for alleged violations of civil rights enforceable under 42 U.S.C. § 1983.  The plaintiff alleged that the defendants "are members of a secret society, which operates outside the law, by stealth and fraud to [sic] via means of harassment and threats."  A June 15, 2007, order (Doc. 6) construed the complaint to allege that the defendants have fraudulently obtained a levy on the plaintiff's social security benefits, which levy allegedly imposes on the plaintiff a state of "involuntary servitude" or "slavery" in violation of the Fourth, Fifth, Thirteenth, and Fourteenth Amendments.  Because the complaint failed to allege that the defendants were state actors or acted under color of state law in depriving the plaintiff of a right, privilege, or immunity under the Constitution, and failed to allege that the defendants forced the plaintiff to work, the order dismissed the complaint without prejudice to the plaintiff's

right to file an amended complaint that stated a cognizable federal claim on or before July 13, 2007.   The order also urged the plaintiff to obtain the assistance of counsel.

On July 13, 2007, the plaintiff filed (Doc. 8) an amended complaint.  A July 30, 2007, order (Doc. 10) dismissed the amended complaint for failure to comply with Local Rule 4.01.  The order stated that the plaintiff would be permitted on or before August 10, 2007, to file an amended complaint that conformed with the applicable rules.  The order warned that failure to file an amended complaint would result in complete dismissal of this case without further notice.  The plaintiff neither filed an amended complaint nor requested an extension.  Accordingly, an August 24, 2007, order (Doc. 11) dismissed the case for lack of prosecution.

On September 12, 2007, the plaintiff moved (Doc. 13) pursuant to Rule 60(b), Federal Rules of Civil Procedure, to vacate the August 24, 2007, order and for entry of a default judgment in his favor.  The plaintiff states that he amended the complaint as directed and the August 24, 2007, order must therefore have been the result of a clerical error or of criminal collusion between the court's clerical personnel and the defendants.  To support his contention that he amended the complaint, the plaintiff attaches to his motion (Doc. 13-3) the first amended complaint that he filed (Doc. 8) on July 13, 2007–that is, the same complaint that the court dismissed (Doc. 10) two weeks

later on July 30, 2007, for failure to comply with Local Rule 4.01.  The plaintiff's motion supplies no basis for the relief requested and is **DENIED**.

ORDERED in Tampa, Florida, on September 13, 2007.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE